IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03447–KMT

BERNARD KENNETH MYERS,

    Plaintiff,

v.

ELDON LOWELL MYERS, JR., executor and personal representative of Eldon Lowell Myers, Sr.,
DORWIN DWAYNE HUMMEL, executor and personal representative of Sally A. Myers,
ALICE JANE GARLAND, in her individual and official capacities,
ELIZABETH MARKHAM, in her individual and official capacities,
DEE ANN BEAMAN, in her individual and official capacities,
DANA D. WOODHAMS, in her individual and official capacities,
STEVEN FRANCIS, attorney at law,
RYAN CLEMENT, attorney at law,
PAUL GORDON, attorney at law, and
STEVEN MCWHIRTER, attorney at law,

    Defendants.

**ORDER**

    This matter is before the court on Plaintiff's motion requesting the appointment of pro bono counsel. (Doc. No. 4, filed December 22, 2014.)

    In his Complaint, Plaintiff alleges he was deprived of his interest in his father's estate due to the defendants' use of forged instruments. (*See* Doc. No. 1.) Plaintiff now requests that the court appoint him an attorney from the Civil Pro Bono Panel, established by and through the

United States District Court for the District of Colorado's Civil Pro Bono Panel Pilot Program. *See* Pilot Program to Implement a Civil Pro Bono Panel.

When considering whether to appoint an attorney from the Panel, the Pilot Program directs this court to consider the following factors:

> (a) the nature and complexity of the action;
> (b) the potential merit of the *pro se* party's claims;
> (c) the demonstrated inability of the *pro se* party to retain counsel by other means; and
> (d) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of appointed counsel.

(Pilot Program, § III.B.(2).)

The court has considered Plaintiff's request for appointed counsel and the appropriate factors. Plaintiff requests the appointment of counsel on the bases that he has unable to obtain counsel on his own and cannot afford counsel. Thus, the third factor favors appointing counsel to represent Plaintiff. However, the legal issues and the facts presented in this case are not particularly complex. Furthermore, at this juncture it appears Plaintiff is able to present his case without the assistance of counsel. Moreover, at this time, it is not clear that the merits of Plaintiff's claims are sufficient for the court to request counsel to volunteer to represent him.

Therefore it is

**ORDERED** that Plaintiff's motion requesting the appointment of pro bono counsel (Doc. No. 4) is **DENIED**.

Dated this 5th day of January, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge