IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03447–KMT

BERNARD KENNETH MYERS,

     Plaintiff,

v.

ELDON LOWELL MYERS, JR., executor and personal representative of Eldon Lowell Myers, Sr.,
DORWIN DWAYNE HUMMEL, executor and personal representative of Sally A. Myers,
ALICE JANE GARLAND, in her individual and official capacities,
ELIZABETH MARKHAM, in her individual and official capacities,
DEE ANN BEAMAN, in her individual and official capacities,
DANA D. WOODHAMS, in her individual and official capacities,
STEVEN FRANCIS, attorney at law,
RYAN CLEMENT, attorney at law,
PAUL GORDON, attorney at law, and
STEVEN MCWHIRTER, attorney at law,

     Defendants.

## ORDER

This matter comes before the court on review of the docket, as well as other cases previously filed by Plaintiff Bernard Kenneth Myers.

This is now the fifth lawsuit Plaintiff has filed in this court concerning the disposition of his late father's estate. *See Myers v. Hummel,* No. 11-cv-00400-KMT (D. Colo. Mar. 26, 2012) (diversity action dismissed with prejudice on summary judgment); *Myers v. City of Loveland, Colo.,* No. 12-cv-02317-REB-KLM (D. Colo. July 8, 2013) (civil rights action dismissed with prejudice as time-barred and for failure to state a claim); *Myers v. Estate of Sally Myers,* No. 13-

cv-01909-LTB (D. Colo. Jan. 17, 2014) (diversity action dismissed without prejudice pursuant to Rule 8 and 41(b) of the Federal Rules of Civil Procedure for failure to file a second amended complaint as directed within the time allowed); *Myers v. Hummel et al.,* No. 14-cv-00446-LTB (D. Colo. Nov. 12, 2014) (diversity action dismissed under the probate exception to diversity jurisdiction and the *Rooker-Feldman* doctrine).

Based on a review of these cases, the court finds a substantial likelihood that this case is barred by the doctrine of *res judicata* - also known as claim preclusion. Under this doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in the prior action." *Campbell v. City of Spencer,* 777 F.3d 1073, 1077 (10th Cir. 2014) (emphasis in original). Claim preclusion is "intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Satsky v. Paramount Comm'ns, Inc.,* 7 F.3d 1464, 1467 (10th Cir. 1993).

Notably, "trial courts may in appropriate cases raise the *res judicata* bar on their own motion." *Plaut v. Spendthrift Farms, Inc.,* 514 U.S. 211, 231 (1995). "While res judicata is a defense which can be waived . . ., if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised." *United States v. Sioux Nation of Indians,* 448 U.S. 371, 432 (1980).

This case has been directly assigned to the undersigned pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges. As such, before the court can address any case-dispositive issues, including whether Plaintiff's claims are

barred by claim preclusion, the court must obtain the parties' consent to the exercise of jurisdiction by a magistrate judge.

Here, Plaintiff has named eleven separate individuals as defendants—only two of whom have thus far responded to this action. The court finds that deferring the glaring and potentially dispositive issue of claim preclusion until (1) Plaintiff serves each of the defendants and (2) each party entering an appearance indicates either their consent to the exercise of jurisdiction by the undersigned or that consent has been declined would substantially undermine the purposes underlying the claim preclusion doctrine. *See Satsky,* 7 F.3d at 1467. As a consequence, the court finds that the best approach for addressing the specific circumstances of this case is to have this case redrawn to an Article III district judge. This will allow the court to raise the issue of claim preclusion at the earliest possible juncture.

Therefore, it is

ORDERED that the Clerk of Court is directed to redraw this matter to an Article III district judge.

Dated this 1st day of May, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge