IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03447–KMT

BERNARD KENNETH MYERS,

      Plaintiff,

v.

ELDON LOWELL MYERS, JR., executor and personal representative of Eldon Lowell Myers, Sr.,
DORWIN DWAYNE HUMMEL, executor and personal representative of Sally A. Myers,
ALICE JANE GARLAND,  in her individual and official capacities,
ELIZABETH MARKHAM, in her individual and official capacities,
DEE ANN BEAMAN, in her individual and official capacities,
DANA D. WOODHAMS, in her individual and official capacities,
STEVEN FRANCIS, attorney at law,
RYAN CLEMENT, attorney at law,
PAUL GORDON, attorney at law, and
STEVEN MCWHIRTER, attorney at law,

      Defendants.

---

## ORDER TO SHOW CAUSE

---

This matter comes before the court on review of docket, as well as other cases filed by Plaintiff Bernard Kenneth Myers.  Based on the court's review of these cases, Plaintiff will be ordered to show cause why (1) this case should not be dismissed as legally frivolous because it is barred by the doctrines of claim and issue preclusion; and (2) why filing restrictions should not be imposed against him in the event this case is deemed legally frivolous.

This is now the fifth lawsuit Plaintiff has filed in this court concerning the disposition of his late father's estate.  *See Myers v. Hummel,* No. 11-cv-00400-KMT (D. Colo. Mar. 26, 2012)

(hereinafter "*Hummel I*") (diversity action dismissed with prejudice on summary judgment); *Myers v. City of Loveland, Colo.,* No. 12-cv-02317-REB-KLM (D. Colo. July 8, 2013) (civil rights action dismissed with prejudice as time-barred and for failure to state a claim); *Myers v. Estate of Sally Myers,* No. 13-cv-01909-LTB (D. Colo. Jan. 17, 2014) (diversity action dismissed without prejudice pursuant to Rule 8 and 41(b) of the Federal Rules of Civil Procedure for failure to file a second amended complaint as directed within the time allowed); *Myers v. Hummel et al.,* No. 14-cv-00446-LTB (D. Colo. Nov. 12, 2014) (hereinafter "*Hummel II*") (diversity action dismissed under the probate exception to diversity jurisdiction and the *Rooker-Feldman* doctrine).

"Under *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action.'" *Satsky v. Paramount Comm'ns, Inc.,* 7 F.3d 1464, 1467 (10th Cir. 1993) (citation and internal quotation marks omitted); *see also Campbell v. City of Spencer,* 777 F.3d 1073, 1077 (10th Cir. 2014). Claim preclusion "is intended to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Satsky,* 7 F.3d at 1467.

"Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards,* 314 F.3d 501, 504 (10th Cir. 2003). As to the third element, the Tenth Circuit has adopted the "transactional" approach to determine what constitutes a "cause of action" for purposes of claim preclusion. *Id.* Under the transactional approach, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Id.* (quoting *Nwosun v. Gen. Mills Rest., Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997)).

Notably, in appropriate circumstances, the court may raise claim preclusion *sua sponte.*

*Plaut v. Spendthrift Farms, Inc.*, 514 U.S. 211, 231 (1995). While claim preclusion ordinarily is an

affirmative defense that can be waived, "'if a court is on notice that it has previously decided the

issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been

raised.'" *Arizona v. California,* 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation of*

*Indians*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)).

The court finds a substantial likelihood that Plaintiff's claims against Defendant Dorwin

Dwayne Hummel are barred by claim preclusion.  Mr. Hummel was named as a defendant in

*Hummel I,* where Plaintiff alleged that Mr. Hummel, as personal representative and executor of

Plaintiff's father's estate, breach his fiduciary duty to protect Plaintiff's portion of his inheritance

from his late father's estate.  (*Hummel II,* Am. Compl., Doc. No. 49.)  The court ultimately granted

Mr. Hummel's motion for summary judgment (*Hummel I,* Order, Doc. No. 152) and judgment was

entered his favor and against Plaintiff (*Hummel I,* Judgment, Doc. No. 153.)

Here, Plaintiff alleges that Mr. Hummel, as the executor and personal representative of the

estate of Sally A. Myers "illegally inherited all of [Plaintiff's] fathers [sic] estate."  (Compl. at 4.)

Because Plaintiff's claims against Mr. Hummel in *Hummel I* and this case both relate to the

disposition of Plaintiff's late father's estate, they appear to arise from the same "transaction, event, or

occurrence" for purposes of claim preclusion.  Thus all three claim preclusion elements appear to be

met with respect to Plaintiff's claim against Mr. Hummel.

The court also finds a substantial likelihood that Plaintiff's claims against Defendant Eldon

Myers Jr. are barred by claim preclusion.  Plaintiff's original Complaint in *Hummel I* also named Mr.

Myers Jr. as a defendant.  (*Hummel I,* Doc. No. 1.)  As with Mr. Hummel, Plaintiff alleged that Mr.

Myers Jr. breached a fiduciary duty to protect Plaintiff's portion of his inheritance from his late

father's estate.  (*Id.* at 8.)  Plaintiff also alleged that Mr. Myers Jr. knew Sally Myers Jr., Plaintiff's

late father's ex-wife, had forged several documents related to Plaintiff's late father's estate and

"deliberately let Sally do these things."  (*Id.* at 9.)

On March 28, 2011, however, Plaintiff moved to dismiss Mr. Myers Jr. from *Hummel I* "now

and forever."  (*Hummel I,* Doc. No. 22.)  Accordingly, on March 29, 2011, District Judge Robert E.

Blackburn granted Plaintiff's motion and dismissed Plaintiff's claims against Mr. Myers Jr. with

prejudice.  (*Hummel I,* Doc. No. 23.)

Notably, a voluntary dismissal with prejudice operates as a final adjudication on the merits

and is thus a final judgment for purposes of claim preclusion.  *Schmier v. McDonald's LLC,* 569 F.3d

1240, 1242 (10th Cir. 2009).  Further, similar to his allegations in *Hummel I,* Plaintiff's Complaint

here alleges that Mr. Myers Jr. "knowingly and intentionally allowed Sally A. Myers [t]o forge our

father's signature on several documents giving her all of our fathers [sic] property and assets and also

allowed Sally to create a new divorce for her and our father knowing full well that I had a vested

interest in our late father's estate."  Thus, the claims asserted against Mr. Myers Jr. in both *Hummel I*

and this case appear to arise from the same "transaction, event, or occurrence."  Accordingly,

Plaintiff's claims against Mr. Myers Jr. are likely barred by the claim preclusion doctrine.

Finally, the court finds a substantial likelihood that Plaintiff's claims against Defendants

Alice Jane Garland, Elizabeth Markham, Deborah Lawrence, Dee Ann Beaman, Dana D.

Woodhams, Steven Francis, Ryan Clement, Paul Gordon, and Steve McWhirter are barred by the

doctrine of issue preclusion.  Plaintiff named each of these individuals as defendants in *Hummel II,*

where he asserted two claims for relief: (1) a violation of the "14th amendment right to inherit from

[his] father" and (2) a state law claim for outrageous conduct.  (*See Hummel II,* Second Am. Compl.,

Doc. No. 11.)

On November 12, 2014, Senior District Judge Lewis T. Babcock dismissed *Hummel II* without prejudice for lack of subject matter jurisdiction.  (*Hummel II,* Order of Dismissal, Doc. No. 14.)  Judge Babcock concluded that Plaintiff's claims clearly sought to invalidate the disposition of his father's estate.  (*Id.* at 5.)  Judge Babcock then found that, to the extent that probate proceedings regarding Plaintiff's father's estate were ongoing, the court lacked jurisdiction under the probate exception to federal court jurisdiction.  (*Id.* at 5-6.)  That doctrine bars federal courts from exercising jurisdiction over claims that would be cognizable only by a state probate court.  (*See id.*)

Judge Babcock further found that, to the extent that state probate proceedings had concluded, Plaintiff's claims constituted a challenge to the final decision of the probate court and were therefore barred by the *Rooker-Feldman* doctrine.  (*Id.* at 7.)  That doctrine bars federal courts other than the United States Supreme Court from exercising jurisdiction over claims seeking review of state court judgments.  (*Id.*)

Although a dismissal without prejudice for lack of jurisdiction "is not ordinarily a basis for applying *claim* preclusion, *issue* preclusion may prevent a plaintiff from bringing an action dismissed previously for lack of jurisdiction."  *Gose v. City of Douglas, Wyo.,* 561 F. App'x 723, 725 (10th Cir. 2014) (emphasis added).  Specifically, "dismissals for lack of jurisdiction preclude relitigation of issues determined in ruling on the jurisdictional question."  *Park Lake Res. Ltd. Liab. Co.,* 378 F.3d at 1136.  Consequently, a plaintiff must cure any jurisdictional defects before he can religitate the issues and have his substantive claims heard."  *Gose,* 561 F. App'x at 725.  As with claim preclusion, issue preclusion may be raised *sua sponte* where the court previously decided the issue presented. *Haik v. Salt Lake City Corp.,* 567 F. App'x 621, 628 (10th Cir. 2014) (citing *Arizona,* 530 U.S. at 412).

Although Plaintiff's claims here are somewhat different from those asserted in *Hummel II,* they once against "stem from the underlying belief that [Plaintiff] was cheated out of his inheritance from his late father's estate." (*Id.* at 7.) Indeed, Plaintiff states that he has brought this "action against the named defendants for allowing and aiding Sally A. Myers to pass known forged instruments for her personal gain by stealing all of the assets of the late Eldon Lowell Myers Sr." and he seeks relief in the form of "[w]hatever the court deems just and proper for the theft of plaintiff's late fathers [sic] estate which includes real property a savings and checking account . . . a buyout, 2 life policies valued at 550,000.00 dollars, and [his] father's 401k." (Compl. at 8.) To overcome Judge Babcock's conclusion that claims seeking to invalidate the disposition of his father's estate are barred by the probate exception to federal court jurisdiction, Plaintiff must show that he has somehow cured this jurisdictional defect.[1]  *Gose,* 561 F. App'x at 725.

As a final matter, in *Hummel II,* Judge Babcock warned Plaintiff that "turning his belief in the loss of his paternal inheritance into grounds for filing another lawsuit may result in the imposition of filing restrictions against him." (*Hummel II,* Order of Dismissal at 8.) By filing this action, Plaintiff has directly flouted this admonishment.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive

---

[1] Plaintiff attempts to confront this issue in his Complaint, by alleging that "this lawsuit is NOT about probate issues," and attaching exhibits showing that Plaintiff's father's estate was never probated. Judge Babcock also considered and rejected this argument. (*Hummel II,* Order Denying Mot. to Reconsider, Doc. No. 17.) Further, the court does not believe that the probate exception arises only when probate proceedings have actually been initiated or are ongoing. Instead, the probate exception appears to apply to any claims that fall within the exclusive jurisdiction of state probate courts.

litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati*, 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow*, 17 F.3d at 315.

The court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353–54.

While the court has an obligation to give pro se litigants wide latitude, *see Haines v. Kerner*, 404 U.S. 519 (1972), the court cannot accept the filing of repetitious, meritless lawsuits. As a consequence, Plaintiff will be directed to show cause why he should not be enjoined from filing any future repetitious and meritless *pro se* actions in the event that the court finds that the present action legally frivolous because it is barred by claim and issue preclusion.

The possible injunction would preclude Plaintiff from proceeding as a plaintiff or applicant in an original proceeding unless he is represented by a licensed attorney admitted to

practice in this Court or unless he first obtains permission to proceed *pro se*.  To obtain

permission to proceed *pro se*, Plaintiff may be required to take the following steps:

1. File a petition with the Clerk of this Court requesting leave to file a pro se appeal or original proceeding;

2. Include in the petition the following information:

A. A list of all lawsuits currently pending or filed previously with this Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each proceeding; and

B. A list apprising this Court of all outstanding injunctions or orders limiting Plaintiff's access to federal court, including orders and injunctions requiring him to seek leave to file matters *pro se* or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

C. File with the Clerk of the Court a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal issues.  The affidavit also must certify, to the best of Plaintiff's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the action is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court.

The above described documents shall be submitted to the Clerk of the Court, who shall

forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR

8.1(c) for review to determine whether to permit a *pro se* proceeding.  Without the designated

judicial officer's approval the matter will be dismissed.  If the designated judicial officer

approves the filing an order shall be entered indicating that the case shall proceed in accordance

with the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States

District Court for the District of Colorado.

The court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled.  Fed. R. Civ. P. 11.  Although the court has not imposed such sanctions here, the court reserves the right to do so if Plaintiff's abusive filings continue.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff shall show cause in writing no later than June 5, 2015 (1) why this case is not barred by the doctrines of claim and issue preclusion and therefore legally frivolous, and (2) why the United States District Court for the District of Colorado should not enjoin him from filing any future *pro se* actions in this Court, as set forth above in the event this case is dismissed as legally frivolous.

Dated this 15th day of May, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge