# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  14-CV-03447-REB- KLM

BERNARD KENNETH MYERS,

**Plaintiff,**

v.

ELDON LOWELL MYERS, JR., executor and personal representative of Eldon Lowell Myers, Sr., DORWIN DWAYNE HUMMEL, executor and personal representative of Sally A. Myers, ALICE JANE GARLAND, in her individual and official capacities, ELIZABETH MARKHAM, in her individual and official capacities, DEBORAH LAWRENCE, in her individual and official capacities, DEE ANN BEAMAN, in her individual and official capacities, DANA D. WOODHAMS, in her individual and official capacities, STEVEN FRANCIS, attorney at law, RYAN CLEMENT, attorney at law, PAUL GORDON, attorney at law, and STEVE MCWHIRTER, attorney at law.

**Defendants.**

---

## DEFENDANTS DEBORAH LAWRENCE, ELIZABETH MARKHAM, DEE ANN BEAMAN, AND DANA D. WOODHAMS' MOTION TO DISMISS WITH PREJUDICE AND FOR SANCTIONS

---

DEFENDANTS Deborah Lawrence, Elizabeth Markham, Dee Ann Beaman, and Dana D. Woodhams, all named in their individual and official capacities as current or former employees of the City of Loveland, by and through their attorneys, Wick & Trautwein, LLC, respectfully move the Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for dismissal with prejudice of the claims against them.  The Defendants also respectfully request the Court to impose appropriate sanctions on the *pro se* Plaintiff for having filed a fifth lawsuit arising out of the same set of facts after having his four prior suits dismissed.  In support hereof, these Defendants state as follows:

## I. PRACTICE STANDARD CERTIFICATION

Undersigned defense counsel hereby certifies that the submitting party has read and complied with the Practice Standards of this Court governing the formatting and marshaling of a Fed. R. Civ. P. 12 motion.

## II. INTRODUCTION

The *pro se* Plaintiff has filed a Complaint against a multitude of parties, including several individuals who are current and former employees of the City of Loveland, Colorado ["the City"]. Those individuals include Deborah Lawrence, Elizabeth Markham, Dee Ann Beaman and Dana D. Woodhams.[1] The Plaintiff has sued these current and former City employees in both their individual and official capacities, asserting they allegedly used their positions as notaries public with the City's police department to improperly notarize forged documents. Plaintiff then goes on to assert a single claim of theft against all of the named defendants collectively, seeking actual and punitive damages for allegedly depriving him of his late father's estate.

---

[1] Plaintiff has also named Alice Jane Garland as a defendant in her individual and official capacity for actions allegedly taken while an employee of the City of Loveland. This defendant died on April 10, 2015, as reflected in the death certificate attached hereto as ***Exhibit A***. Plaintiff's "**Motion for Extension of Service Time and Status Update on Case**" [#19] indicates that valid service was not made on this defendant prior to her death. Defense counsel is not entering an appearance on behalf of Ms. Garland since neither she nor her estate have been legally served, dismissal of the action against her is nonetheless required for the same reasons asserted by the other City defendants in this motion.

As Magistrate Judge Kathleen M. Tafoya recognized in her recent order [#16] of May 1, 2015, this is the fifth lawsuit that the *pro se* Plaintiff has filed in the U.S. District Court since 2011, concerning the disposition of his late father's estate. All of the prior lawsuits were dismissed for various reasons. Two of those suits, *Myers v. City of Loveland, Colo.*, No 12-cv-012317-REB-KLM, and *Myers v. Estate of Sally Myers,* No 13-cv-01909-LTB, were brought against the City itself, or these same individually named defendants as current or former employees of the City, based upon the same alleged set of facts. The 2012 action against the City was specifically dismissed with prejudice. [**Final Judgment,** 12-cv-012317-REB-KLM, #84].

As discussed in more detail below, dismissal of the Plaintiff's latest action against these individually named current and former City employees is required for multiple reasons. First, as indicated above, the Court has previously dismissed with prejudice the same type of claims brought against the City, such that this action against its current and former employees is barred by the doctrine of *res judicata.* Second, it is clear from the allegations of the Complaint that the claims asserted by Plaintiff are barred by the applicable statutes of limitation, which is one of the same reasons the prior suit against the City was dismissed with prejudice. Further, to the extent Plaintiff's claims against these municipal employees sound in tort, or could be construed as a claim for willful and wanton conduct, the Plaintiff has failed to allege compliance with the mandatory notice requirements of the Colorado Governmental Immunity Act, C.R.S. § 124-10-101, et seq. ["CGIA"]. Finally, the Defendant's claims against these individual defendants have not been sufficiently alleged under the pleading standards set forth by the U.S. Supreme Court in

3

*Bell Atlantic Corp. v. Twombly* and its progeny. Accordingly, the Court would be acting properly in dismissing all claims at this early stage of the proceedings.

In addition, given that this is the fifth lawsuit that the *pro se* Plaintiff has brought arising out of the same set of facts, notwithstanding prior adjudications against him, the Defendants respectfully request the Court to impose both monetary sanctions and filing restrictions upon the Plaintiff.

### III.  ARGUMENT

**A.  The claims against these current or former City employees of are barred by the doctrine of res judicata.**

In Civil Action 12-CV-02317, this same *pro se* Plaintiff sued the City of Loveland in this Court for actions allegedly taken by these same individual defendants as notaries public employed in the City's police department.  Like in this suit, the claims were premised on allegations that these individuals allegedly notarized forged documents so as to deprive him of his inheritance of property from his father's estate.  Though that 2012 civil action did not name these individual employees as defendants in the caption of the suit, the body of the Complaint against the City referred to the same individuals named in this suit, namely Deborah Lawrence, Elizabeth Markham, Dee Ann Beaman, Dana Woodhams and Alice Garland.  The City moved to dismiss those claims for multiple reasons, including that the allegations of the Complaint reflected it was barred by the applicable statutes of limitation.  On the recommendations of United States Magistrate Judge Kristen L. Mix, the Court granted the City's motion to dismiss, with prejudice. [**Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge,** 12-cv-02317-REB-KLM, #83]**.**

4

Later, in Civil Action 13-cv-01989-LTB, the Plaintiff again brought suit against multiple parties in this Court, again alleging that they acted in a manner so as to deprive him of the inheritance of his late father's estate. This time, the suit did not name the City itself as a party defendant; however, it named several current and former employees of the City of Loveland, including Alice Jane Garland, Elizabeth Markham, De Ann Beaman, Deborah Lawrence, and Dana Woodhams, for actions allegedly taken in their employment with the City. That suit was dismissed without prejudice because the Plaintiff failed to comply with the applicable pleading requirements and failed to amend his Complaint in the manner directed by the Court in its prior orders. [**Order of Dismissal**, 13-cv-01909-LTB, #15].

As Magistrate Judge Kathleen Tafoya recognized *sua sponte* in her May 1, 2015 **Order** [#16] in this case, this latest lawsuit arising out of the same set of facts and against the same parties, is now barred by the doctrine of *res judicata*. This doctrine generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action. *Driskell v. Thompson*, 971 F.Supp.2d 1050, 1066 (D. Colo. 2013). *Res judicata*, or claim preclusion, is "intended to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions and encourage reliance on adjudication." *Satsky v. Paramount Comm'ns, Inc.,* 7 F.3d 1464, 1467 (10th Cir. 1993).

As noted above, the Plaintiff's 2012 suit against the City of Loveland for claims arising out of the same alleged actions of these same current or former employees of the City was dismissed with prejudice. A dismissal with prejudice is an adjudication on the merits and is a bar to a further action under the doctrine of *res judicata*. *Mars v. McDougal,* 40 F.2d 247, 249 (10th

5

Cir. 1930); *Creek Indians Nat. Council v. Sinclair Prairie Oil Co.,* 142 F.2d 842, 845 (10th Cir. 1944); *See, also, Driskell*, 971 F.Supp.2d at 1067-68 (dismissal with prejudice in state court action constituted a final judgment for application of the doctrine of *res judicata*).

Further, the prior action dismissed with prejudice (in addition to the later action dismissed without prejudice) involved the same subject matter and sought identical relief to what the Plaintiff is now seeking in this fifth lawsuit.  That is, damages for allegedly being deprived of his later father's estate.   In considering whether there is identity of claims for application of the doctrine of *res judicata*, the focus of the inquiry is the injury for which the relief is demanded, not the legal theory on which the person asserting the claim relies. *Id.,* at 1069.  Where, as here, the claims made in the present action concern all or any part of the same transaction, or series of connected transactions, out of which the original action arose, the claims are deemed to be tied by the same alleged injury for purposes of applying the doctrine of *res judicata. Id.*  This is true even if the Plaintiff has arguably attempted to assert a new legal theory. *Id.*

Finally, the doctrine of *res judicata* applies here because of identity and privity of the parties to the actions.  Though the Plaintiff has not specifically named the City as a defendant in this fifth lawsuit, his naming of these individual defendants in their "official capacity" for actions taken while employed by the City is the legal equivalent to bringing suit against the City.  *See, Holliday v. Regional Transp. Dist.,* 43 P.3d 676, 687 (Colo. App. 2001) (. . . [W]e note that government officials may be sued in their official capacities, but such suits are treated as suits against the entity. There is no difference between suing a state employee in his or her official capacity and suing the state); *See, also, Will v. Mich. Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *State v. Nieto,* 993 P.2d 493 (Colo.2000)).  Further, to the

extent these individual defendants are named in their individual capacities for actions allegedly taken while employees of the City, they have the required privity with the City to establish identity of the parties and application of the *res judicata* doctrine as well.

Wherefore, for the above reasons, the Court may properly conclude that the Plaintiff's latest action against these individual defendants is barred by the doctrine of *res judicata* and should be dismissed with prejudice.

**B.     All claims against these individuals are barred by the applicable statutes of limitation and should be dismissed for this reason as well.**

Notwithstanding that this lawsuit is barred by *res judicata*, dismissal is also required because Plaintiff's own Complaint makes clear that it is barred by the applicable statutes of limitation.  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is an appropriate means to challenge a complaint that, on its face, indicates the existence of an affirmative defense, such as noncompliance with the applicable period of limitations.  *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041, n. 4 (10th Cir. 1980).

Plaintiff's claims in this latest suit would most likely be classified claims for civil theft under C.R.S. § 18–4–405, or perhaps for fraud or deceit.  Civil theft claims are generally governed by a two-year statute of limitations under state law. *Martinez v. Nash Finch Co.,* 886 F. Supp. 2d 1212, 1220-21 (D. Colo. 2012); *Maez v. Springs Automotive Grp.,* 268 F.R.D. 391, 395 (D.Colo.2010).  While claims of faud or deceit are generally subject to a three year statute of limitations under C.R.S. § 13-80-101, any claims brought against a governmental employee are subject to a shorter two-year statute of limitations under C.R.S. § 13-80-102(h), with certain limited exceptions that do not apply here.

7

Plaintiff's **Complaint** [#1] here (as well as in prior suits), specifically alleges that he obtained a copy of Sally Myer's will on February 29, 2008 and discovered a quitclaim deed which was allegedly forged, and that he obtained other documents in the year or so which followed which caused him to conclude that he had been allegedly wrongfully deprived of his late father's estate. In fact, the Court may take judicial notice that the first of his five lawsuits making similar allegations was filed in 2011. There can be no doubt from the Plaintiff's own allegations in this suit and his history of litigation in this Court that he knew or should have known of his alleged injury for far longer than two years prior to the time he initiated this latest action asserting theft of his father's estate on December 22, 2014.

Accordingly, Plaintiff's latest claims for theft fail as a matter of law, requiring dismissal of this action for this additional reason.

**C.  Plaintiff's claims against these individual defendants for actions allegedly taken while employees of the City are barred by the CGIA.**

To the extent the Plaintiff's claims could reasonably be construed as tort claims against current or former employees for actions taken while in the employ of the City, or even a claim for willful and wanton conduct, said claims are subject to the CGIA, C.R.S. § 24-10-101, et seq. To bring a claim against a public entity or one of its employees, the claim must fit within one of the specific areas set out in Section 24-10-106 for which governmental immunity has been waived. Also, prior to bringing a tort claim against a public entity or one of its employees, the CGIA mandates that the claimant file written notice of the claim with the public entity within specified time limits, as set forth in Section 24-10-109.

As set forth in the statute, timely compliance with the mandatory notice provisions of the CGIA is a jurisdictional prerequisite to any action brought under the provisions of the Act.

*Bauman v. Colo. Dept. of Health*, 857 P.2d 499, 501 (Colo. App. 1993). Further, the jurisdictional bar for failure to comply with the notice requirements applies to public employees who are sued individually. *See* C.R.S. §24-10-118(1)(a); *Bresciani v. Haragan*, 968 P.2d 153, 156-158 (Colo. App. 1998). Those requirements even apply when an employee is alleged to have engaged in willful and wanton conduct. *Middleton v. Hartman*, 45 P.3d 721, 730 (Colo. 2002).

In the context of a motion to dismiss, pleading compliance with the notice provisions of the CGIA is *de facto* jurisdictional. *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 840 (10th Cir. 2003). "When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of "fact" that the plaintiff failed to comply with the notice provisions. This lack of compliance, then, is a jurisdictional issue." *Id.*

Plaintiff's Complaint here fails to plead compliance with these mandatory notice requirements for bringing suit against these current and former City employees, for actions allegedly taken in their public employment. Thus, for this additional reason, the Court must dismiss this action as to these individuals pursuant to Fed.R.Civ.P. 12(b)(1).

**D. The Plaintiff's claims against these individual defendants have not been sufficiently alleged and thus fail to state a claim upon which relief can be granted.**

Notwithstanding all the fatal flaws discussed above, the Plaintiff's claims against these individual defendants suggesting they acted fraudulently, deceitfully, or committed an act of theft have not been adequately plead and fail to state claims upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri,* 595 F.3d 1120, 1124 (10th Cir.2010) (quoting *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir.2009)). S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."
*See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Henson v. Bank of Am.,* 935 F. Supp. 2d 1128, 1135 (D. Colo. 2013).

However, the standard for pleading is even higher for allegations of fraud and deceit such as has been suggested by the Plaintiff here.  Rule 9(b) of the Federal Rules of Civil Procedure requires that all such averments of fraud be stated with "particularity." To meet the Rule 9(b) standard, a plaintiff must identify with sufficient detail the circumstances constituting the fraud or deceit, including information as to time, place and specific acts.  *Henson,* 935 F. Supp. 2d at 1137-38.

Here, Plaintiff's Complaint alleges that these individual defendants supposedly notarized certain unidentified documents, without specifically stating what documents were allegedly notarized by each of these individual defendants, and without providing any information as to when and where they supposedly did so.  Nor does it make any allegations as to the required intent of these defendants to sustain a claim of fraud, deceit or civil theft.

Accordingly, for this additional reason, the Court can find that the Plaintiff has failed to state a claim upon which relief can be granted, also requiring dismissal of his Complaint.

**E.     The Court should impose monetary sanctions and filing restrictions on the Plaintiff for having brought this fifth lawsuit arising out of the same alleged injury, after having his four prior suits dismissed by the Court for the same reasons raised in this motion.**

The Defendants respectfully request the Court to not only dismiss with prejudice the Plaintiff's action, but to also impose appropriate sanctions against him for the filing of this latest lawsuit after having his four prior suits dismissed for the same or similar reasons as are raised in this motion. Said sanctions should include payment of the defendants' attorney's fees, which are warranted under both Fed. R.Civ.P. 11 and C.R.S. §13-17-102. Said sanctions should also include imposition of future filing restrictions.

"This court has the ... inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and ... to deter frivolous filings." *Christensen v. Ward,* 916 F.2d 1462, 1469 (10th Cir.1990). Those sanctions may include both monetary payments and filing restrictions imposed upon abusive litigants.

The Court has authority to impose monetary sanctions under Fed.R.Civ.P. Rule 11, which imposes a duty on attorneys and parties to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose. *Harrison v. Luse*, 760 F. Supp. 1394, 1399 (D. Colo.) aff'd, 951 F.2d 1259 (10th Cir. 1991); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). This rule is violated, justifying sanctions, "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." *Harrison*, 760 F. Supp. at 1399. *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d

226 (1987). Once a violation of Rule 11 has been found, sanctions are mandatory, however, judges have broad discretion in choosing the appropriate remedy. *Harrison*, 760 F. Supp. at 1399.

Similarly, under Colorado law, a court may award reasonable attorneys' fees in any civil action of any nature. C.R.S. § 13–17–102(1). The court *shall* award reasonable attorneys' fees against any attorney <u>or party</u> who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification. C.R.S. § 13–17–102(2). Further, the court *shall* assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney <u>or party</u> brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or if it finds that an attorney <u>or party</u> unnecessarily expanded the proceeding by other improper conduct. C.R.S. § 13–17–102(4). "Lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious. C.R.S. § 13–17–102(4).

Here, the Court can conclude that monetary sanctions are warranted under either authority. The Plaintiff was made to pay the City's costs upon the dismissal of the 2012 lawsuit, and that sanction has not served as an appropriate deterrent to his bringing subsequent frivolous suits arising out of the same circumstances. The City, both in its own defense and in defense of its employees, has had to incur substantial defense costs, most notably attorney's fees, for these multiple suits. The fact that Plaintiff has now filed a fifth lawsuit, notwithstanding prior dismissals of all of his other suits, meets the standards for imposition of sanctions under both

Rule 11 and C.R.S. 13-17-102.[2]  If granted, defense counsel can promptly submit an affidavit of fees incurred in the defense of this suit for purposes of establishing the amount of said sanction.

Further, Defendants respectfully request the Court to exercise its discretion to restrict the *pro se* Plaintiff from filing any further actions, regardless of the theory or parties named, arising out of the disposition of his late father's estate.  The federal courts have the inherent power to impose such filing restrictions when, as here, a litigant has repeatedly abused the process.  *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) ("A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents").

The Court would most certainly be properly exercising its discretion in this case to impose such restrictions as well as monetary sanctions on the Plaintiff here.

## IV. **CONCLUSION**

For all of the foregoing reasons, Defendants Deborah Lawrence, Elizabeth Markham, Dee Ann Beaman, and Dana D. Woodhams respectfully move that the Court to order the Complaint dismissed against them in its entirety, with prejudice.  These defendants further request the Court award them their reasonable costs and attorneys' fees in the defense of this action, impose appropriate filing restrictions on the Plaintiff,  and for whatever further relief the Court deems just and proper.

---

[2] Sanctions may also be appropriate under 18 U.S.C.A. §1927, but the annotations to this statute suggest that authority is split as to whether sanctions may be imposed on a *pro se* party under this statute.

DATED this 15th day of May, 2015.

                WICK & TRAUTWEIN, LLC

By: *s/Kimberly B. Schutt*
     Kimberly B. Schutt
     323 S. College Avenue, Suite 3
     Fort Collins, Colorado  80524
     Telephone:     (970) 482-4011
     Fax:               (970) 482-8929
     kschutt@wicklaw.com
     *Attorneys for Defendants Markham, Lawrence, Beaman and Woodhams*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, I electronically filed the foregoing MOTION TO DISMISS AND FOR SANCTIONS with the Clerk of Court using the CM/ECF system, and served a copy of the same to the following via U.S. mail, as follows:

Bernard Kenneth Myers
603 East 17th Street
Big Spring, Texas 79720
*Plaintiff*

Dorwin Dwayne Hummel
3339 W. County Road 4
Berthoud, CO  80513

                *s/Jody L. Minch*
                Paralegal to Kimberly B. Schutt