UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-CV-03447-REB- KLM

BERNARD KENNETH MYERS,

**Plaintiff,**

v.

ELDON LOWELL MYERS, JR., executor and personal representative of Eldon Lowell Myers, Sr., DORWIN DWAYNE HUMMEL, executor and personal representative of Sally A. Myers, ALICE JANE GARLAND, in her individual and official capacities, ELIZABETH MARKHAM, in her individual and official capacities, DEBORAH LAWRENCE, in her individual and official capacities, DEE ANN BEAMAN, in her individual and official capacities, DANA D. WOODHAMS, in her individual and official capacities, STEVEN FRANCIS, attorney at law, RYAN CLEMENT, attorney at law, PAUL GORDON, attorney at law, and STEVE MCWHIRTER, attorney at law.

**Defendants.**

---

**DEFENDANTS DEBORAH LAWRENCE, ELIZABETH MARKHAM, DEE ANN BEAMAN, AND DANA D. WOODHAMS' RESPONSE TO PLAINTIFF'S "MOTION TO VOLUNTARY [sic] WITHDRAW COMPLAINT"**

---

DEFENDANTS Deborah Lawrence, Elizabeth Markham, Dee Ann Beaman, and Dana D. Woodhams, all named in their individual and official capacities as current or former employees of the City of Loveland, by and through their attorneys, Wick & Trautwein, LLC, respectfully respond to the Plaintiff's "Motion to  Voluntary [sic] Withdraw Complaint" as follows:

1.      The *pro se* Plaintiff has filed a complaint against a multitude of parties, including these individual defendants who are current and former employees of the City of Loveland, Colorado ["the City"].    Generally speaking, the complaint alleges that the various defendants acted wrongfully in notarizing certain documents to deprive him of his late father's estate.

2.       As Magistrate Judge Kathleen M. Tafoya recognized in her order [#16] of May 1, 2015, this is the fifth lawsuit that the *pro se* Plaintiff has filed in the U.S. District Court since 2011, concerning the disposition of his late father's estate.   All of the prior lawsuits were dismissed for various reasons.   Two of those suits, *Myers v. City of Loveland, Colo.*, No 12-cv-012317-REB-KLM, and *Myers v. Estate of Sally Myers,* No 13-cv-01909-LTB, were brought against the City itself, or these same individually named defendants as current or former employees of the City, based upon the same alleged set of facts.   The 2012 action against the City was specifically dismissed with prejudice. [**Final Judgment,** 12-cv-012317-REB-KLM, #84].

3.       On May 15, 2015, these individual City defendants filed a motion to dismiss [#35] the Plaintiff's complaint and for imposition of sanctions in the form of attorney's fees and future filing restrictions.   To defense counsel's knowledge, the Plaintiff has never filed a response to that motion, and it is well beyond the deadline for doing so at this point.

4.       On the same day these defendants filed their motion, Magistrate Judge Tafoya also issued an Order to Show Cause [#32] directing the Plaintiff to show why (1) this case should not be dismissed as legally frivolous because it is barred by the doctrines of claim and issue preclusion; and (2) why filing restrictions should not be imposed against him in the event this case is deemed legally frivolous.   The Plaintiff filed an answer [#45] to the Order to Show Cause on June 8, 2015, unsupported by any legal authority, disputing that his claims were frivolous or that he should have sanctions imposed against him.

5.       Now, without conferring with counsel for these defendants and after causing defendants to incur additional attorney's fees, the Plaintiff has filed a motion asking for

permission to voluntarily withdraw his Complaint, presumably under Rule 41 of the Federal Rules of Civil Procedure.  The motion admits this is the fifth time he has filed a legal action seeking relief for the same set of facts, and though he claims to have a "rock solid" case, seeks permission to withdraw his complaint because his litigation over the past seven years has allegedly caused him great financial and emotional stress.

6.      These defendants object to the Plaintiff being allowed to voluntarily withdraw his Complaint at this juncture under Rule 41 without imposition of the sanctions requested in their motion to dismiss.  The fact of the matter is that Plaintiff's repeated frivolous litigation over the same issues has imposed a great financial and emotional burden on the parties he has sued over the years.  Plaintiff has continued to bring these frivolous suits notwithstanding being told repeatedly that his claims have no legal merit.  Being made to pay the defendants' costs upon the prior dismissal of those claims has not been a deterrent.  Unless more substantial sanctions are imposed upon him now, it is expected he will continue abusing the legal process to the prejudice of these defendants.

7.      This Court has the ability to impose such sanctions under Rule 11 of the Federal Rules of Civil Procedure, notwithstanding the fact that the Plaintiff now seeks a voluntary dismissal of his action.  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395, 110 S. Ct. 2447, 2455, 110 L. Ed. 2d 359 (1990).  The Court would be acting most appropriately in exercising that discretion to impose monetary sanctions and filing restrictions upon the Plaintiff in light of his history here.

8.      Finally, these defendants dispute that there is any factual or legal basis for the Court to turn this matter over to the U.S. Attorney for prosecution, as Plaintiff has also requested in his motion to withdraw his complaint.

WHEREFORE, the Defendants respectfully request that the Court deny the Plaintiff's motion for a voluntarily withdrawal under Rule 41, and instead dismiss the Plaintiff's claims with prejudice and with imposition of sanctions for the reasons stated in these Defendants' motion to dismiss [#35] and as outlined in the Court's show cause order.

DATED this 23rd day of July, 2015.

WICK & TRAUTWEIN, LLC

By:     *s/Kimberly B. Schutt*
        Kimberly B. Schutt
        323 S. College Avenue, Suite 3
        Fort Collins, Colorado  80524
        Telephone:     (970) 482-4011
        Fax:               (970) 482-8929
        kschutt@wicklaw.com
        *Attorneys for Defendants Markham, Lawrence, Beaman and Woodhams*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2015, I electronically filed the foregoing RESPONSE TO PLAINTIFF'S "MOTION TO VOLUNTARY [sic] WITHDRAW COMPLAINT" with the Clerk of Court using the CM/ECF system, and served a copy of the same to the following via U.S. mail, as follows:

Bernard Kenneth Myers
603 East 17th Street
Big Spring, Texas 79720
*Plaintiff*

Dorwin Dwayne Hummel
3339 W. County Road 4
Berthoud, CO  80513

*s/Jody L. Minch*_____ _____
Paralegal to Kimberly B. Schutt