IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–03447–MSK-KMT

BERNARD KENNETH MYERS,

      Plaintiff,

v.

ELDON LOWELL MYERS, JR., executor and personal representative of Eldon Lowell Myers,
Sr.,
DORWIN DWAYNE HUMMEL, executor and personal representative of Sally A. Myers,
ALICE JANE GARLAND,  in her individual and official capacities,
ELIZABETH MARKHAM, in her individual and official capacities,
DEE ANN BEAMAN, in her individual and official capacities,
DANA D. WOODHAMS, in her individual and official capacities,
STEVEN FRANCIS, attorney at law,
RYAN CLEMENT, attorney at law,
PAUL GORDON, attorney at law, and
STEVEN MCWHIRTER, attorney at law,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter comes before the court on the Order to Show Cause entered on May 15, 2015

(Doc. No. 32), Plaintiff's "Affadavit [sic] to Show Cause" filed June 8, 2015 (Doc. No. 45,

hereinafter "Show Cause Response"), and Plaintiff's "Motion to Voluntary [sic] Withdraw

Complaint" filed July 9, 2015.  (Doc. No. 46, hereinafter "Motion to Withdraw")[1]

---

[1] The court also addresses herein "Defendants Deborah Lawrence, Elizabeth Markham, Dee Ann
Beaman, and Dana D. Woodhams' Motion to Dismiss with Prejudice and for Sanctions."  (Doc.
No. 35, filed May 15, 2015.)

**PROCEDURAL HISTORY**

As noted in the Order to Show Cause, this is now the fifth lawsuit Plaintiff has filed in this court concerning the disposition of his late father's estate. *See Myers v. Hummel,* No. 11-cv-00400-KMT (D. Colo. Mar. 26, 2012) (hereinafter "*Hummel I*") (diversity action dismissed with prejudice on summary judgment); *Myers v. City of Loveland, Colo.,* No. 12-cv-02317-REB-KLM (D. Colo. July 8, 2013) (civil rights action dismissed with prejudice as time-barred and for failure to state a claim); *Myers v. Estate of Sally Myers,* No. 13-cv-01909-LTB (D. Colo. Jan. 17, 2014) (diversity action dismissed without prejudice pursuant to Rule 8 and 41(b) of the Federal Rules of Civil Procedure for failure to file a second amended complaint as directed within the time allowed); *Myers v. Hummel et al.,* No. 14-cv-00446-LTB (D. Colo. Nov. 12, 2014) (hereinafter "*Hummel II*") (diversity action dismissed under the probate exception to diversity jurisdiction and the *Rooker-Feldman* doctrine).  Based on this history, the court directed Plaintiff to show cause in writing no later than June 5, 2015 (1) why this case is not barred by the doctrines of claim and issue preclusion and therefore legally frivolous, and (2) why the United States District Court for the District of Colorado should not enjoin him from filing any future *pro se* actions in this court in the event this case is deemed to be legally frivolous.  (Order to Show Cause at 9.)

In his Response, Plaintiff admits that this case is "the same in nature" as his prior cases and therefore appears to acknowledge that this action is subject to claim and issue preclusion. (Show Cause Resp. at 1.)  However, Plaintiff argues that the court "has the power and the legal and moral authority to override the issue and claim preclusion mandate" in order to "ensure that future perpetrators will have no legal hiding place."  (*Id.* at 2.)

In his Motion to Withdraw, Plaintiff continues to believe he has "a rock solid case against the named defendants," but nevertheless concedes it has "become painfully clear that [he] is only defeating [himself] and in turn wasting the court's time."[2]   (*Id.*)  As a consequence, Plaintiff moves to voluntarily dismiss his Complaint.

## ANALYSIS

### A.      *Motion to Withdraw*

Federal Rule of Civil Procedure 41(a)(2) provides "[e]xcept as provided in Rule 41(a)(1),[3] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Rule 41(a)(2) is "designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions to prevent voluntary dismissals that adversely affect the opposing party."  *Brown v. Baeke,* 413 F.3d 1121, 1123 (10th Cir. 2005).  The court may impose conditions to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.  *Am. Nat'l Bank & Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991).  Absent "legal prejudice" to the defendants, however, the court should normally grant dismissal under Rule 41(a)(2).  *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997) (citations omitted).

---

[2] Plaintiff requests that the court refer this matter to the United States Attorney for the District of Colorado for "prosecution for the crimes of forgery, conspiracy and theft."  (Mot. Withdraw.) Even if the court were inclined to do so, which it is not, the court has no jurisdiction to refer matters for criminal prosecution.

[3] Rule 41(a)(1)'s "absolute right to dismiss without prejudice," *Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir. 2003), is inapplicable here because Defendant Eldon Lowell Myers, Jr. has already filed an answer.  *See* Fed. R. Civ. P. 41(a)(1)(i) (stating that a plaintiff may file a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment).

The factors typically considered to determine "legal prejudice" are (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation. *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.,* 77 F.3d 354, 358 (10th Cir. 1996)).  However, "these factors are neither exhaustive nor conclusive" and the court should "be sensitive to other considerations unique to the circumstances of each case." *Brown v. Baeke,* 413 F.3d 1121, 1125 (10th Cir. 2005) (citing *Ohlander,* 114 F.3d at 1537).

The above factors are largely inapposite in this case.  Here, the prejudice to Defendants does not arise out of the circumstances of this case alone—indeed, this case is in its infancy and only a handful of the defendants have entered an appearance or responded to Plaintiff's Complaint.  Instead, the court finds that Defendants would face undue prejudice if the court dismissed this action at Plaintiff's request without considering the issues raised in the Order to Show Cause—namely, whether this action is legally frivolous and whether filing restrictions should be imposed to prevent Plaintiff from filing additional abusive lawsuits in the future. Without addressing these issues, there is a substantial threat that Plaintiff may file yet another lawsuit.

Imposing conditions on the dismissal of this action would not alleviate this prejudice. First, requiring Plaintiff to pay Defendants' expenses, including attorney fees, would accomplish little, if anything.  More specifically, because of the stage of the proceedings, Defendants' expenses and attorneys' fees are likely minimal.  Further, as already discussed, the prejudice to Defendants does not arise out of Plaintiff's actions in this case, but instead is based on Plaintiff's pattern of filing duplicative and vexatious actions arising out of the very same subject matter.

Thus, requiring that Plaintiff pay the costs and attorney fees incurred by Defendants in this action as a condition of dismissal will not alleviate the threat that Plaintiff will file yet another lawsuit regarding the disposition of his late father's estate.

The court could require that the dismissal of this action be with prejudice. However, even that will not necessarily alleviate Defendants' concerns of avoiding similar lawsuits in the future. As is discussed in greater detail below, in *Hummel I,* Plaintiff dismissed his claims against Defendant Eldon Lowell Myers, Jr. with prejudice and the court entered summary judgment in favor of Defendant Dorwin Dwayne Hummel. Nevertheless, Plaintiff has re-asserted nearly identical claims against Messrs. Hummel and Myers, Jr. in this action. As such, the court is not convinced that the prejudice to Defendants will be avoided by granting Plaintiff's Motion to Withdraw upon the condition that the dismissal be with prejudice.

Ultimately, the court finds that the only way to assure Defendants will not face yet another lawsuit from Plaintiff is to address the issues raised in the Order to Show Cause. As such, the court finds that Plaintiff's Motion to Withdraw is properly denied.

**B.       *Order to Show Cause***

The court finds that Plaintiff's claims in this action are plainly barred by claim and issue preclusion and therefore legally frivolous.[4] "Under *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action.'" *Satsky v. Paramount Comm'ns, Inc.,* 7 F.3d 1464, 1467 (10th Cir. 1993) (citation and internal quotation marks omitted); *see also Campbell v.*

---

[4] As discussed in the Order to Show Cause, claim and issue preclusion may be raised *sua sponte.* (Order to Show Cause at 3, 5 (citing *Arizona v. California,* 530 U.S. 392, 412 (2000); *Haik v. Salt Lake City Corp.,* 567 F. App'x 621, 628 (10th Cir. 2014)).

*City of Spencer,* 777 F.3d 1073, 1077 (10th Cir. 2014).  Claim preclusion "is intended to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Satsky,* 7 F.3d at 1467.

"Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards,* 314 F.3d 501, 504 (10th Cir. 2003).   As to the third element, the Tenth Circuit has adopted the "transactional" approach to determine what constitutes a "cause of action" for purposes of claim preclusion.  *Id.*  Under the transactional approach, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Id.* (quoting *Nwosun v. Gen. Mills Rest., Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997)).

The court finds that Plaintiff's claims against Defendant Dorwin Dwayne Hummel are barred by claim preclusion.  Mr. Hummel was named as a defendant in *Hummel I,* where Plaintiff alleged that Mr. Hummel, as personal representative and executor of Plaintiff's father's estate, breached his fiduciary duty to protect Plaintiff's portion of his inheritance from his late father's estate.  (*Hummel II,* Am. Compl., Doc. No. 49.)  The court ultimately granted Mr. Hummel's motion for summary judgment (*Hummel I,* Order, Doc. No. 152) and judgment was entered his favor and against Plaintiff (*Hummel I,* Judgment, Doc. No. 153).

Here, Plaintiff alleges that Mr. Hummel, as the executor and personal representative of the estate of Sally A. Myers "illegally inherited all of [Plaintiff's] fathers [sic] estate."  (Compl. at 4.) Because Plaintiff's claims against Mr. Hummel in *Hummel I* and this case both relate to the disposition of Plaintiff's late father's estate, they arise from the same "transaction, event, or

occurrence" for purposes of claim preclusion.  *Wilkes,* 314 F.3d at 504.  Thus all three claim

preclusion elements are met with respect to Plaintiff's claim against Mr. Hummel.

The court finds that Plaintiff's claims against Defendant Eldon Myers Jr. are also barred by

claim preclusion.  Mr. Myers Jr. was named as a defendant in Plaintiff's original Complaint in

*Hummel I.*  (*Hummel I,* Doc. No. 1.)  As with Mr. Hummel, Plaintiff alleged that Mr. Myers Jr.

breached a fiduciary duty to protect Plaintiff's portion of his inheritance from his late father's estate.

(*Id.* at 8.)  Plaintiff also alleged that Mr. Myers Jr. knew Sally Myers Jr., Plaintiff's late father's ex-

wife, had forged several documents related to Plaintiff's late father's estate and "deliberately let Sally

do these things."  (*Id.* at 9.)

On March 28, 2011, however, Plaintiff moved to dismiss Mr. Myers Jr. from *Hummel I* "now

and forever."  (*Hummel I,* Doc. No. 22.)  Accordingly, on March 29, 2011, District Judge Robert E.

Blackburn granted Plaintiff's motion and dismissed Plaintiff's claims against Mr. Myers Jr. with

prejudice.  (*Hummel I,* Doc. No. 23.)

Notably, a voluntary dismissal with prejudice operates as a final adjudication on the merits

and is thus a final judgment for purposes of claim preclusion.  *Schmier v. McDonald's LLC,* 569 F.3d

1240, 1242 (10th Cir. 2009).  Further, similar to his allegations in *Hummel I,* Plaintiff's Complaint

here alleges that Mr. Myers Jr. "knowingly and intentionally allowed Sally A. Myers [t]o forge our

father's signature on several documents giving her all of our fathers [sic] property and assets and also

allowed Sally to create a new divorce for her and our father knowing full well that I had a vested

interest in our late father's estate."  (Compl. at 4.)  Thus, the claims asserted against Mr. Myers Jr. in

both *Hummel I* and this case arise from the same "transaction, event, or occurrence."  *Wilkes,* 314

F.3d at 504.  Accordingly, Plaintiff's claims against Mr. Myers Jr. are barred by claim preclusion.

The court finds that Plaintiff's claims against Defendants Alice Jane Garland, Elizabeth Markham, Deborah Lawrence, Dee Ann Beaman, Dana D. Woodhams, Steven Francis, Ryan Clement, Paul Gordon, and Steve McWhirter are barred by the doctrine of issue preclusion. Plaintiff named each of these individuals as defendants in *Hummel II,* where he asserted two claims for relief: (1) a violation of the "14th amendment right to inherit from [his] father" and (2) a state law claim for outrageous conduct. (*See Hummel II,* Second Am. Compl., Doc. No. 11.)

On November 12, 2014, Senior District Judge Lewis T. Babcock dismissed *Hummel II* without prejudice for lack of subject matter jurisdiction. (*Hummel II,* Order of Dismissal, Doc. No. 14.) Judge Babcock concluded that Plaintiff's claims clearly sought to invalidate the disposition of his father's estate. (*Id.* at 5.) Judge Babcock then found that, to the extent that probate proceedings regarding Plaintiff's father's estate were ongoing, the court lacked jurisdiction under the probate exception to federal court jurisdiction. (*Id.* at 5-6.) That doctrine bars federal courts from exercising jurisdiction over claims that would be cognizable only by a state probate court. (*See id.*)

Judge Babcock further found that, to the extent that state probate proceedings had concluded, Plaintiff's claims constituted a challenge to the final decision of the probate court and were therefore barred by the *Rooker-Feldman* doctrine. (*Id.* at 7.) That doctrine bars federal courts other than the United States Supreme Court from exercising jurisdiction over claims seeking review of state court judgments. (*Id.*)

Although a dismissal without prejudice for lack of jurisdiction "is not ordinarily a basis for applying *claim* preclusion, *issue* preclusion may prevent a plaintiff from bringing an action dismissed previously for lack of jurisdiction." *Gose v. City of Douglas, Wyo.,* 561 F. App'x 723, 725 (10th Cir. 2014) (emphasis added). Specifically, "dismissals for lack of jurisdiction preclude relitigation of issues determined in ruling on the jurisdiction question." *Park Lake Res. Ltd. Liab. Co.,* 378 F.3d at

1136.  Consequently, a plaintiff must cure any jurisdictional defects before he can religitate the issues and have his substantive claims heard." *Gose,* 561 F. App'x at 725.  As with claim preclusion, issue preclusion may be raised *sua sponte* where the court previously decided the issue presented.  *Haik v. Salt Lake City Corp.,* 567 F. App'x 621, 628 (10th Cir. 2014) (citing *Arizona,* 530 U.S. at 412).

Although Plaintiff's claims here are somewhat different from those asserted in *Hummel II,* they once against "stem from the underlying belief that [Plaintiff] was cheated out of his inheritance from his late father's estate."  (*Hummel II,* Order of Dismissal at 7.)  Indeed, Plaintiff states that he has brought this "action against the named defendants for allowing and aiding Sally A. Myers to pass known forged instruments for her personal gain by stealing all of the assets of the late Eldon Lowell Myers Sr." and he seeks relief in the form of "[w]hatever the court deems just and proper for the theft of plaintiff's late fathers [sic] estate which includes real property a savings and checking account . . . a buyout, 2 life policies valued at 550,000.00 dollars, and [his] father's 401k."  (Compl. at 8.)  To overcome Judge Babcock's conclusion that claims seeking to invalidate the disposition of his father's estate are barred by the probate exception to federal court jurisdiction, Plaintiff must show that he has somehow cured this jurisdictional defect.  *Gose,* 561 F. App'x at 725.

Plaintiff alleges in his Complaint that "[t]his lawsuit is NOT about probate issues" (Compl. at 3) and attaches exhibits showing that his father's estate was never probated (*id.,* Ex. 1-3).  However, Judge Babcock already considered and rejected this argument.[5]  (*Hummel II,* Order Denying Mot. to Reconsider, Doc. No. 17.)  Moreover, the court finds that the probate exception does not arise solely when probate proceedings have actually been initiated or are ongoing; instead it bars any and all claims that fall within the exclusive jurisdiction of state probate courts.  *See*

---

[5] To the extent Plaintiff disagreed with this or any of Judge Babcock's other conclusions, his recourse was to file an appeal with the Tenth Circuit Court of Appeals, not an additional lawsuit.

*McKibben v. Chubb,* 840 F.2d 1525 (10th Cir. 1988).  Accordingly, the court finds that Plaintiff

has failed to cure the jurisdictional bar raised in *Hummel II.*

As previously discussed, Plaintiff argues that an exception to claim and issue preclusion

must be made in order to allow him to receive justice and to "ensure that future perpetrators will

have no legal hiding place."  (Show Cause Resp. at 2.)  No such exception exists and even if it

did the court would not apply it in this case.  Plaintiff had four opportunities to assert viable

claims against Defendants and failed at each turn.  Plaintiff's claims here are clearly vexatious

and cannot be tolerated.

Accordingly, the court finds that Plaintiff's claims asserted in this action are plainly

frivolous.  Plaintiff was previously warned by Judge Babcock that "turning his belief in the loss

of his paternal inheritance into grounds for filing another lawsuit may result in the imposition of

filing restrictions against him."  (*Hummel II,* Order of Dismissal at 8.)  The time has come to

impose those restrictions.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no

constitutional right of access to the courts to prosecute an action that is frivolous or malicious."

*Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam).  Federal

courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive

litigants by entering orders that are "necessary or appropriate in aid of [the court's] jurisdiction."

*See Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati*,

878 F.2d at 352.  "There is strong precedent establishing the inherent power of federal courts to

regulate the activities of abusive litigants by imposing carefully tailored restrictions under the

appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where,

as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow*, 17 F.3d at 315.

The court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353–54.

While the court has an obligation to give *pro se* litigants wide latitude, *see Haines v. Kerner*, 404 U.S. 519 (1972), the court cannot accept the filing of repetitious, meritless lawsuits. Plaintiff has engaged in a lengthy, abusive, and meritless crusade against Defendants as demonstrated by the dismissal of four prior actions relating to the disposition of his late father's estate. In light of the court's finding that Plaintiff's claims in this fifth lawsuit are patently frivolous, and the fact that the court advised Plaintiff in the Order to Show Cause that filing restrictions may be entered against him,[6] the court recommends that Plaintiff be enjoined from filing any future repetitious and meritless *pro se* actions.

This injunction would preclude Plaintiff from proceeding as a plaintiff or applicant in an original proceeding unless he is represented by a licensed attorney admitted to practice in this

---

[6] Plaintiff's Show Cause Response does not respond to the issue of filing restrictions.

Court or unless he first obtains permission to proceed *pro se*.  To obtain permission to proceed *pro se*, Plaintiff should be required to take the following steps:

1. File a petition with the Clerk of this Court requesting leave to file a pro se appeal or original proceeding;

2. Include in the petition the following information:

A. A list of all lawsuits currently pending or filed previously with this Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each proceeding; and

B. A list apprising this Court of all outstanding injunctions or orders limiting Plaintiff's access to federal court, including orders and injunctions requiring him to seek leave to file matters *pro se* or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

C. File with the Clerk of the Court a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal issues.  The affidavit also must certify, to the best of Plaintiff's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the action is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court.

The above described documents shall be submitted to the Clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1(c) for review to determine whether to permit a *pro se* proceeding.  Without the designated judicial officer's approval the matter will be dismissed.  If the designated judicial officer approves the filing, an order shall be entered indicating that the case shall proceed in accordance with the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Colorado.

The court also has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled.  Fed. R. Civ. P. 11.  Although the court has not recommended any such sanctions here, the District Court should reserve the right to do so if Plaintiff's abusive filings continue.

WHEREFORE, for the foregoing reasons, the court respectfully RECOMMENDS that Plaintiff's Complaint be dismissed as legally frivolous and that the filing restrictions discussed above be imposed to prevent Plaintiff from filing any repetitious and meritless *pro se* actions in the future.  The court further

RECOMMENDS that Plaintiff's "Motion to Voluntary [sic] Withdraw Complaint" filed July 9, 2015 (Doc. No. 46) and "Defendants Deborah Lawrence, Elizabeth Markham, Dee Ann Beaman, and Dana D. Woodhams' Motion to Dismiss with Prejudice and for Sanctions" (Doc. No. 35) be DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see AZMorales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

14