**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-03447-MSK-KMT

**BERNARD KENNETH MYERS,**

     **Plaintiff,**

**v.**

**ELDON LOWELL MYERS, JR., executor and personal representative of Eldon Lowell
Myers, Sr.;
DORWIN DWAYNE HUMMEL, executor and personal representative of Sally A. Myers;
ALICE JANE GARLAND, in her individual and official capacities;
ELIZABETH MARKHAM, in her individual and official capacities;
DEE ANN BEAMAN, in her individual and official capacities;
DANA D. WOODHAMS, in her individual and official capacities;
STEVEN FRANCIS, attorney at law;
RYAN CLEMENT, attorney at law;
PAUL GORDON, attorney at law; and
STEVEN MCWHIRTER, attorney at law,**

     **Defendants.**

---

**ORDER ADOPTING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Order to Show

Cause (**#32**), Plaintiff's Answer to the Order to Show Cause (**#45**), Defendants' Motion to

Dismiss with Prejudice and for Sanctions (**#35**), Plaintiff's Voluntary Motion to Withdraw

Complaint (**#46**), Defendant's Response to Plaintiff's Motion to Withdraw (**#48**) and the

Magistrate Judge's Recommendation (**#49**).

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Bernard Kenneth Myers, filed this action and four prior actions[1] in this Court seeking redress for what he perceives as fraudulent disposition of his father's probate estate. The crux of Mr. Myers's claims is that the various Defendants were participants in the "theft of [his] father's assets by way of forged documents."  The particular allegations in the Complaint (**#1**) in this matter can be summarized as follows:

- Defendant Dorwin Dwayne Hummel, as the executor of the estate, presented documents forged by Sally Myers for probate;

- Defendant Eldon Myers, Jr. allowed Sally Myers to forge Mr. Myers's father's signature on various probate documents;

---

[1]       In 2011, Mr. Myers filed a complaint alleging that Dorwin Dwayne Hummel and Eldon Myers, Jr. breached their fiduciary duties in executing Mr. Myers's father's will by, in essence, offering forged documents for probate. *See Myers v. Hummel*, No. 11-cv-00400-REB-KLM, 2011 WL 2581399, *1-2 (D. Colo. May 17, 2011). Mr. Myers's claims were dismissed with prejudice either on summary judgment (as to Mr. Hummel and Ms. Myers) or on Mr. Myers's motion to voluntarily dismiss (as to Mr. Myers, Jr.). *See Myers v. Hummel*, 11-cv-00400-KMT-KLM, 2012 WL 1020519 (D. Colo. March 26, 2012) (*Myers I*).

In 2012, Mr. Myers filed a lawsuit against the City of Loveland. In sum, Mr. Myers contended that the City of Loveland Defendants violated Mr. Myers's civil rights and participated in by assisting Sally Myers in forging documents distributing his father's estate. *See Myers v. City of Loveland*, No. 12-cv-02317-REB-KLM, 2013 WL 3381276 (D. Colo. July 8, 2013) (*Myers II*). Mr. Myers's claims in this lawsuit were dismissed with prejudice as time-barred and for failure to state a claim.

In 2013, Mr. Myers filed a lawsuit against the Estate of Sally Myers alleging that, together with Mr. Hummel, Ms. Myers forged documents disposing of Mr. Myers's estate, effectively robbing Mr. Myers of his inheritance. *See Myers v. Estate of Sally Myers*, No. 13-cv-01909-LTB (D. Colo. Jan. 17, 2014) (*Myers III*). This case was dismissed without prejudice for failure to comply with the local rules and Fed. R. Civ. P. 8.

In 2014, Mr. Myers filed a fourth lawsuit seeking to invalidate the disposition of his father's estate. *See Myers v. Hummel*, No. 14-cv-00446-LTB-BNB, 2014 WL 5849405 (D. Colo. Nov. 12, 2014) (*Myers IV*). Mr. Myers asserted claims against Ms. Myers's estate, Mr. Hummel, the City of Loveland Defendants, and the Attorney Defendants, which the court dismissed without prejudice for lack of subject matter jurisdiction.

- Defendants Alice Garland, Elizabeth Markham, Deborah Lawrence, Dee Ann Beaman, and Dana Woodhams ("City of Loveland Defendants") notarized or witnessed forged documents; and

- Defendants Steven Francis, Ryan Clement, Paul Gordon, and Steve McWhirter ("Attorney-Defendants") misrepresented Mr. Myers's interests by withholding forged documents and/or failing to perform an adequate investigation of Mr. Myers's claims.

Believing that Mr. Myers's instant Complaint raised the same claims that were asserted the prior lawsuits, the Magistrate Judge issued an Order to Show Cause that directed Mr. Myers to state why this case was not barred by operation of the doctrines of claim and issue preclusion and why he should not be enjoined from filing future lawsuits. In response, Mr. Myers conceded that his current claims were "the same in nature" and that "all of the previous cases were based on the fact that all of the issue and claims were raised for the same reason."

The City of Loveland Defendants filed a Motion to Dismiss with prejudice based upon *res judicata* and other defenses. The Defendants also stated that though Mr. Myers was ordered to pay the City's attorney fees related to the 2012 case, he was not deterred in filing successive lawsuits. Therefore, the motion requested imposition of sanctions in the form of an award of attorney fees and costs under Fed. R. Civ. P. 11, and the imposition of filing restrictions. Mr. Meyers did not respond.

Instead, after responding to the Show Cause Order, Mr. Myers voluntarily sought to dismiss this action. His Motion was titled as one seeking to "voluntary [sic] withdraw complaint" but, read liberally, it is a request to dismiss this action and a promise not to file further actions. The City of Loveland Defendants objected, and instead requested that (1) the Court deny Mr.

Myers's Motion; (2) grant their motion to dismiss the action with prejudice; and  (3) to impose

monetary sanctions and restrictions on future filings.

The Magistrate Judge recommended that (1) Mr. Myers's request to voluntarily withdraw

under Fed. R. Civ. P. 41(a)(2) be denied on the grounds that doing so would prejudice

Defendants because of a risk that Mr. Myers will file subsequent lawsuits; (2) Defendants'

Motion to Dismiss Mr. Myers's claims on bases of claim and issue preclusion and on statute of

limitation grounds be granted; and (3) restrictions on filing future lawsuits be imposed.

## II.    STANDARD OF REVIEW

The Court reviews a Magistrate Judge's ruling on a dispositive motion pursuant to Fed.

R. Civ. P. 72(b). Although neither party filed Objections to the Recommendation, the Court

considers it and the record *de novo*. *See Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985); *see also*

*Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Because Mr. Myers is *pro se*

the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III.    ANALYSIS

The parties and the Magistrate Judge all agree that this action should be dismissed. In

addition, there apparently is no disagreement that the dismissal should be with prejudice. Mr.

Myers did not oppose the Defendants' Motion to Dismiss, and affirmatively states that he does

not intend to pursue further relief. Defendants, however, request that dismissal be accompanied

by future filing restrictions and monetary sanctions.

By its express language, Fed. R. Civ. P. 41(a)(2) permits that dismissal be conditioned on

such "terms that the Court considers proper." A Fed. R. Civ. P. 41(a)(2) dismissal can be with

prejudice and made subject to imposition of Fed. R. Civ. P. 11 sanctions. *See Cooter & Gell v.*

*Hartmarx Corp.*, 496 U.S. 384, 384-85 (1990).[2] A dismissal may also be accompanied by future

filing restrictions. *See Lundahl v. Halabi*, 600 Fed. App'x 596, 609 (10th Cir. Dec. 3, 2014).

Because Fed. R. Civ. P. 41 does not limit the Court's ability to impose conditions to dismissal, it

makes no difference whether Mr. Myers's or the Defendants' Motion to Dismiss is granted.

The Court therefore turns to whether future filing restrictions and Fed. R. Civ. P. 11

sanctions are proper in this matter. Though Mr. Myers did not oppose Defendants' request nor

file Objections to the Recommendation, the conditions Defendants seek implicate issues of

significance to the judicial process.

A.  Future Filing Restrictions

Courts may regulate repetitive, successive, and meritless filings. *See* 28 U.S.C. § 1651;

*Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Injunctions and restrictions on a

plaintiff's future filings are warranted in order to address a plaintiff's abusive and lengthy

litigation history. Any restrictions imposed must provide guidance as to what the plaintiff must

do to obtain permission to file an additional lawsuit and provide the plaintiff with notice to object

to the order imposing restrictions prior to its issuance. *Smith v. Krieger*, 389 Fed App'x 789, 799

(10th Cir. July 27, 2010).

Mr. Myers has repetitively filed lawsuits concerning the same subject matter after his

claims have been dismissed with prejudice. He has not been deterred either by admonitions from

the Court[3] nor awards of attorney fee and costs.[4] Although he currently concedes that this action

should be dismissed, does not oppose that dismissal be with prejudice, and states that he does not

---

[2] Noting Fed. R. Civ. P. 41(a)(2)'s language permitting a court to employ whatever terms and conditions to dismissal as it deems proper, the *Cooter* Court ruled that a voluntary dismissal under that rule does not expunge prior conduct warranting Rule 11 sanctions nor deprive a court of jurisdiction to impose such sanctions. *Id.* at 385.
[3] *Meyers IV*.
[4] Costs were imposed against Mr. Myers in *Myers I* and *Myers II*.

intend to file another action, his current sentiment may change in the future. Thus, to avoid unnecessary and abusive litigation that burdens the Defendants and the judicial system, the Court finds that it is appropriate to impose filing limitations.

**Before filing a future lawsuit in this Court in a *pro se* capacity, Mr. Myers must obtain permission to do so. To obtain permission, he must present a written petition to the Clerk of the Court. The petition must request permission to file a Complaint. It must be accompanied by:**

1. **The Complaint that Mr. Myers desires to file.**

2. **A list of all lawsuits currently pending or previously filed in any court by Mr. Myers with or without the assistance of counsel. Each case reference shall include the  case name, case number, court in which it was filed, the current status or disposition of the case, and the facts underlying the his claims as well as the relief he sought.**

3. **A list of all outstanding injunctions or other orders limiting Mr. Myers's access to any court.**

**The Clerk of the Court shall submit the above described petition to the judicial officer designated by the Chief Judge for review. Without the judicial officer's approval, the Complaint will not be filed.  If the judicial officer approves the filing of the Complaint, the Clerk shall notify Mr. Myers, and upon payment of the requisite filing fee, the Complaint will be filed.  Thereafter, the case shall proceed in accordance with all applicable rules of procedure and practice.**

Because these conditions vary slightly from those contained in the Recommendation, Mr. Myers shall have 14 days from the date of this Order in which to object.

B.  Rule 11 Sanctions

The City of Loveland Defendants also request imposition of Fed. R. Civ. P. 11 sanctions

and an award of attorney fees pursuant to C.R.S. § 13-17-102. A Fed. R. Civ. P. 11(c)(2) motion

for sanctions must be made separately from any other motion and must describe the specific

conduct (of a represented litigant or *pro se* party) that allegedly violates Rule 11(b). *See White v.*

*Gen Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990). In addition, such a motion must be

served upon the party against whom sanctions are sought twenty-one days prior to its filing in

order to permit the party time to correct its violation. Fed. R. Civ. P. 11(c)(2). These technical

requirements of Fed. R. Civ. P. 11 motions are mandatory. *Cooter*, 496 U.S. at 391; *AeroTech,*

*Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir.1997); *Karara v. Czopek*, 89 F.3d 850, 1996 WL

330260, *2 (10th Cir. June 6, 1996). Because there is no showing that the Defendants complied

with either requirement, the request for sanctions under Fed. R. Civ. P. 11(c)(2) is denied.

Nevertheless, Fed. R. Civ. P. 11(c)(3), permits a court to impose sanctions on its own

accord.  Likewise, C.R.S. § 13-17-102 directs a court to award attorney fees and costs where an

attorney or party brought or defended an action, or any part thereof, that lacked substantial

justification or was interposed for delay or harassment, or if an attorney or party unnecessarily

expanded the proceeding by improper conduct. The Defendants request that the Court impose

attorney fees and costs because Mr. Myers has filed five lawsuits arising out of the same

circumstances. Although the Court understands the Defendants' plight and frustration in

defending each of these lawsuits, such generality is not sufficient for imposition of a punitive

award. The Motion only generally refers to the Court's authority to grant such relief; it does not

set out what violations Mr. Myers made in this lawsuit or what penalty or compensation is

7

appropriate. Nor does it describe what amount of attorney fees or other sanctions are appropriate. It is also troublesome that this lawsuit has been prolonged, to some degree, by the Defendants' own conduct. Even though Mr. Myers conceded that the action should be dismissed with prejudice, the Defendants adamantly opposed "his" dismissal, insisting that their Motion be granted instead. As this Order points out, the question of dismissal is not controverted – the only issue is what conditions should be imposed.

Moreover, there has been no showing that an award of attorney fees and costs will serve a deterrent effect. Indeed, Defendants' Motion states that sanctions imposed in prior cases have had no salutary effect in discouraging Mr. Myers in bringing future lawsuits, suggesting that sanctions will not function as a deterrent for Mr. Myers.

Therefore, on this record, the Court declines to impose any sanction or award any fees. If the Defendants desire such relief, within 14 days, they shall file an appropriate motion delineating the specific violation of Fed. R. Civ. P. 11 or C.R.S. § 13-17-102 made my Mr. Myers **in this lawsuit**. Such motion also shall be accompanied by such evidence as is probative to quantify the appropriate sanction.

**IT IS HEREBY ORDERED THAT:**

The Court hereby **GRANTS** Mr. Myers's Motion to Dismiss (**#46**) and **GRANTS** Defendants' Motion to Dismiss **(#35), in part**.  Mr. Myers's claims are **DISMISSED with PREJUDICE,** and the Clerk shall enter judgment in favor of the Defendants on all of Mr. Myers's claims.

Mr. Myers is precluded from filing any lawsuit in a *pro se* capacity in this Court without prior permission of the Court. To obtain such permission, Mr. Myers shall comply with the

procedure set forth herein. Mr. Myers shall have 14 days from the date of this Order in which to object.

The Defendants shall have 14 days from the date of this Order to seek sanctions or request an award of attorney fees. If no motion or objection is timely filed, the Clerk shall close this case.

DATED this 19th day of October, 2015.

**BY THE COURT:**

Marcia S. Krieger
United States District Court